[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant in this foreclosure action has filed an Application For Protection From Foreclosure, pursuant to Connecticut General Statutes §§ 49-31d through 49-31j.
The court finds that the defendants are underemployed homeowners pursuant to Connecticut General Statutes § 49-31d
(2) and (6). The court, however, denies the Application, finding that there is no reasonable likelihood that the defendants can comply with Connecticut General Statutes § 49-31 (f) (d) (1) which mandates that the court finds that the debtor will be able to make timely payments on the restructured mortgage.
On September 24, 1985, the defendants, James E. Conant and Rita Conant signed an Adjustable Rate Note in the original principal amount of $389,000.00. The Note was secured by an Open-End Mortgage Deed on the defendants' property at 36 Indian Valley Road, Weston.
An Affidavit of Debt, dated February 26, 1997, recites a debt of $365,291.33. A calculation of the interest to December 1, 1997, applying the $73.04 per diem as set forth in the Affidavit, fixes a debt of approximately $385,325.33. These figures do not include escrow advances for real estate taxes, insurance, legal fees and court costs.
There is a second mortgage encumbering the property, dated November 13, 1986, from the defendants to Bank of Boston Connecticut, in the original principal amount of $131,000.00.
There is a third mortgage encumbering the property, dated February 21, 1996, from the defendants to Daniel G. Conant, Jr., and Nancy M. Conant, in the original principal amount of $100,000.00. CT Page 11509
There are three federal tax liens in the amounts of $4,173.77, $11,896.11 and $12,3306.00.
The parties have stipulated, for the purposes of the hearing only, that the fair market value of the 36 Indian Valley Road property is $475,000.00, as set forth in the February 12, 1997 Appraisal introduced at the hearing.
The three mortgages wipe out the Conant's equity in the property.
The defendants' Joint Financial Affidavit, reflecting income, assets and liabilities, as of January 31, 1997, shows no payments on the second and third mortgages. The Affidavit shows two unsecured loans to two lending institutions with a total debt of $47,605.97. Their total credit card debt is $31,555.71.
Mr. Conant testified at the hearing that his current net income is $36,000.00 per year. Mrs. Conant testified that her current monthly net income is between $1,000.00 and $1,500.00 per month, resulting in her potential maximum income of $18,000.00 per year. The current joint net annual income is $54,000.00 per year. The current monthly mortgage payment is $3,699.77, which is $44,397.24.
Mr. Conant also testified that, since May 1, 1997, he has been employed by Bankers Workout Alternative Incorporated. His employment Agreement, which was introduced at the hearing, states that Bankers Workout "is a service organization providing workout services for banks and other financial institutions."
Mr. Conant further testified that once Bankers Workout revenue reaches a level defined in his Employment Agreement as the "conversion point" he will be compensated at the rate of $150,000.00 per year.
As of the hearing, Bankers Workout had not achieved the revenues to trigger the "conversion point." Mr. Conant testified that he anticipated that the "conversion point" would be reached within the next three to six months.
It would be highly prejudicial to the plaintiff for this court to restructure the mortgage debt based on future highly speculative earnings. CT Page 11510
After a review of the testimony, the financial affidavit and the evidence introduced at the hearing, the court concludes that the defendants' financial situation would make it unlikely that they would be able to make timely payments on the restructured mortgage.
The Application is denied.
Dated at Stamford, Connecticut this 25 day of November, 1997.
RICHARD J. TOBIN, JUDGE